

**ORDERED in the Southern District of Florida on February 20, 2024.**

_____
Erik P. Kimball
Chief United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

IZABELLA BOGINSKY,

    Debtor.

_____/

Case No. 19-12089-EPK
Chapter 13

**ORDER DENYING**
**EXPEDITED MOTION TO ENFORCE AUTOMATIC STAY**

**THIS MATTER** came before the Court for hearing on January 17, 2024 upon the

_Expedited Motion to Enforce Automatic Stay Against Keith Grumer, Esq., Individually,_

_Grumer Law, P.A., Katz, Barron, Friedberg, English & Allen, P.A. d/b/a Katz Barron,_

_Horacio Pablo Martinez, and Mercedes Merino, Jointly and Severally_ [ECF No. 130] (the

"Motion") filed by Izabella Boginsky, the debtor in this chapter 13 case, and the response

thereto [ECF No. 136] filed by Keith Grumer, Esq., Grumer Law, P.A., Horacio Pablo

Martinez, and Mercedes Merino (together, the "Respondents").

In the Motion, the debtor asks this Court to find that the Respondents willfully

violated the automatic stay under 11 U.S.C. § 362(k) and to award compensatory damages,

punitive damages, and attorneys' fees and costs against the Respondents on a joint and several basis.

The debtor filed a voluntary chapter 13 petition on February 15, 2019. At the time, the debtor was the sole owner of A Class Limos, LLC. In the Motion she states that she operated the business out of her home and that the business provided compensation to her by making mortgage payments to JP Morgan Chase on her behalf. The mortgage loan is secured by a home owned jointly by the debtor and her mother.

Two of the Respondents, Horatio Pablo Martinez and Mercedes Merino, filed proofs of claim in this bankruptcy case that were disallowed as untimely. ECF No. 71. Mr. Martinez and Ms. Merino were represented by Respondent Keith Grumer, Esq. of the law firm Katz Barron and more recently of Grumer Law, P.A.

Prior to this bankruptcy case, acting through Mr. Grumer and his firm, Mr. Martinez and Ms. Merino filed suit in Florida state court against A Class Limos, LLC, as well as against the debtor, individually and as manager of A Class Limos, LLC, and Edward Boginsky, individually. They sought confirmation from this Court that the suit as against A Class, LLC was not affected by the automatic stay in this bankruptcy case. ECF No. 60. In that motion, Mr. Martinez and Ms. Merino stated that they intended "to conduct discovery related to the transfer of the corporate assets while the State Court Litigation was pending." On September 17, 2019, the Court entered an order, agreed to by the debtor, confirming "that the automatic stay entered in this case does not apply to the state court proceeding by [Mr. Martinez and Ms. Merino] against A Class Limos, LLC, including any avoidance claims alleging transfers of assets owned by A Class Limos, LLC to parties other than Izabella Boginsky." ECF No. 69.

Respondents obtained judgments against A Class Limos, LLC. Then they commenced proceedings supplementary against JP Morgan Chase to recover as fraudulent transfers certain payments made by A Class Limos LLC on account of the debtor's mortgage loan.

In the Motion, the debtor argues that the Respondents' suit against JP Morgan Chase is "nothing more than an attempted end run around the bankruptcy and stay, as the Debtor is ultimately responsible to repay all amounts recovered as potential fraudulent transfers and all fees incurred by JP Morgan Chase in connection with Creditors' litigation. The acts undertaken by the Creditors are clearly against the Debtor in an effort to collect pre-petition debts in violation of the automatic stay." The debtor argues that Respondents' action against JP Morgan Chase also violates the co-debtor stay under 11 U.S.C. § 1301(a).[1]

The Motion will be denied for two reasons. First, the Respondents' suit against JP Morgan Chase does not violate any provision of the automatic stay. Second, even if it did, the debtor agreed to a long-ago final order that permits the Respondents' suit against JP Morgan Chase.

Under 11 U.S.C. § 362(a), certain actions against a debtor and against property of the bankruptcy estate are automatically stayed upon the filing of a bankruptcy case. Section 362(a)(1) prohibits the commencement or continuation of an action against the debtor that could have been brought before the bankruptcy or to recover a pre-bankruptcy claim. Section 362(a)(6) prohibits any other act to collect a pre-bankruptcy claim against the debtor. Section

---

[1] In spite of this argument, the Motion seeks no relief relating to section 1301(a) so the Court will not further address this aspect of the Motion. The debtor also states that the Respondents included in their state court pleadings against JP Morgan Chase statements that they had a judgment against the debtor as well as against A Class Limos, LLC. Based on the presentation at the hearing on the Motion, it appears this language was inadvertently included in Respondents' pleadings. In any case, it is clear that the suit against JP Morgan Chase is an attempt to collect on judgments against A Class Limos, LLC. The inclusion of such surplus language does not constitute commencement of an action against the debtor or an act to collect on a pre-bankruptcy claim in violation of sections 362(a)(1) or (a)(6).

362(a)(3) prohibits any act to obtain possession or control of property of the bankruptcy estate.

In general, the protections provided by sections 362(a)(1) and 362(a)(6) are limited to the debtor alone. It is routinely held that the automatic stay does not protect those who may be liable with the debtor, such as co-defendants or guarantors of the debtor's obligations. *Credit Alliance Corp. v. Williams*, 851 F.2d 119 (4th Cir. 1988) (guarantor); *Otoe County Nat'l Bank v. W&P Trucking, Inc.*, 754 F.2d 881 (10th Cir. 1985) (guarantor); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124 (4th Cir. 1983) (co-defendants); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194 (6th Cir. 1983) (reviewing cases); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983) (co-defendants). The protection provided by section 362(a)(3) does not extend to property other than property of the estate.

The automatic stay under sections 362(a)(1) and (a)(3) may protect non-debtor persons or entities in limited circumstances. For example, it has been held that the automatic stay applies to actions against a debtor's insurer to the extent the insurance policy and proceeds therefrom are property of the estate. *E.g., MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89 (2d Cir. 1988), cert. denied, 488 U.S. 868 (1988).

Although the automatic stay generally does not protect non-debtors, the Court retains the power to enjoin actions against non-debtors in certain circumstances under 11 U.S.C. § 105(a). *See Caesars Entm't Operating Co. v. BOKF, N.A. (In re Caesars Entm't Operating Co.)*, 808 F.3d 1186, 1188-89 (7th Cir. 2015) (explaining that an injunction of guaranty suits would "enhance the prospects for a successful resolution of the disputes attending [the] bankruptcy"); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855 (6th Cir. 1992) (upholding injunction of suit against key employees necessary to the reorganization effort); *In re Otero Mills, Inc.*, 25 B.R. 1018 (D.N.M. 1982) (holding that suit against guarantor would interfere

with reorganization effort).  Sometimes courts refer to this power as an "extension" of the stay to non-debtors.  Unfortunately, there is substantial confusion in the case law regarding the so-called extension of the automatic stay to non-debtors.  It is often unclear whether courts are saying that the automatic stay protects non-debtors in certain circumstances without the need for a separate order, in which instance the extension would be self-effectuating, or whether the court must enter a specific order providing that a particular action is stayed, such as an order relying on section 105(a).

Nearly all of the case law in this area points ultimately to the Fourth Circuit's decision in *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).  In that case, the Fourth Circuit considered an appeal from an order entered in the bankruptcy case of A.H. Robbins Co. enjoining the continuation of various lawsuits against the debtor's co-defendants and the debtor's insurer.  *Id.* at 997.  The district court had ruled that certain insurance coverage was property of the estate so a suit against the insurer was subject to the automatic stay under section 362(a)(3), and that suits against the debtors' co-defendants should be stayed "pursuant to 11 U.S.C. § 362(a)(1), (3) <u>as supplemented by 11 U.S.C. § 105</u>."  *Id.* (emphasis added).  In other words, the district court ruled that the automatic stay applied by its own terms to prevent the suit against the insurer because the policy itself was property of the estate, but that an order was required to "extend" the stay to protect the debtor's co-defendants.

In the course of its analysis, the Fourth Circuit suggests that the automatic stay under section 362(a)(1) may apply, without further order of the court, to suits against non-debtors in unusual circumstances where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *Id.* at 999.  The Fourth Circuit states that the automatic stay might apply to

5

protect a non-debtor where the non-debtor has an absolute statutory or contractual right of indemnity from the debtor.  *Id.* at 999-1001 (analyzing cases).  But even where the automatic stay under sections 362(a)(1) or (a)(3) would not protect a non-debtor, the Fourth Circuit confirms that the bankruptcy court may nonetheless enjoin actions against non-debtors relying on section 105.  *Id.* at 1002.  In reviewing the district court's injunction under section 105(a), the Fourth Circuit considered the usual preliminary injunction standard.  *Id.* at 1008.

The Fourth Circuit's exposition in *A.H. Robbins* suggests that the "extension" of the automatic stay to non-debtors who hold an absolute statutory or contractual right of indemnity from the debtor arises without further input from the bankruptcy court, meaning that it stems from section 362(a) alone and no separate order is required.  But the better reasoned subsequent case law does not support this contention.  Even where a suit against a non-debtor would result in a judgment binding on the debtor, courts have seen fit to consider entry of an injunction under section 105 rather than rule that section 362(a), by itself, prohibits the suit.  *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 247 n.6 (9th Cir. 1994); *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) ("Even if we were to adopt the unusual circumstances test [of *A.H. Robbins*], the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105."); *FDIC v. 1842 Capital*, No. 1:10-cv-2621-WSD, 2012 U.S. Dist. LEXIS 203298 (N.D. Ga. Sept. 25, 2012) ("The power to extend an automatic stay to non-debtors . . . does not arise from § 362(a); it is part of the bankruptcy court's equitable power, under 11 U.S.C. § 105(a), to issue orders necessary to protect the administration of the bankruptcy estate."); *In re Trans-Serv. Logistics, Inc.*, 304 B.R. 805, 807 (Bankr. S.D. Ohio 2004); *Am. Film Techs. v. Taritero (In re Am. Film Techs.)*, 175 B.R. 847 (Bankr. D. Del. 1994); *In re Fam. Health Servs.*, 105 B.R. 937 (Bankr. C.D. Cal. 1989).

It appears that JP Morgan Chase has a contractual right of indemnity against the debtor. If Respondents are successful in their fraudulent transfer action, JP Morgan Chase may pursue the debtor for the sums it is required to pay to Respondents plus JP Morgan Chase's legal fees and expenses in defending the suit. But section 362(a), by itself, does not stay Respondents' fraudulent transfer suit against JP Morgan Chase. If the debtor wishes this Court to exercise its power under section 105(a) to stay Respondents' proceedings supplementary, the debtor must file an adversary proceeding seeking injunctive relief. Fed. R. Bankr. P. 7001(7). Such a request is not before the Court.[2]

Even if section 362(a) applied, by itself, to prohibit the Respondents' action against JP Morgan Chase, the debtor agreed the suit may proceed and that agreement is memorialized in an order of this Court that is no longer subject to appeal. On September 17, 2019, the Court entered an agreed order confirming that the Respondents could proceed with their suit against A Class Limos, LLC "including any avoidance claims alleging transfers of assets owned by A Class Limos, LLC to parties other than Izabella Boginsky." ECF No. 69.

Under the agreed order, the debtor stipulated that Respondents could pursue (1) avoidance claims, (2) alleging transfers of assets owned by A Class Limos, LLC, (3) to parties other than the debtor. The Respondents' fraudulent transfer action against JP Morgan Chase is exactly what is permitted under that agreed order. It is an avoidance action. In it, the Respondents allege that A Class Limos, LLC made transfers to JP Morgan Chase, apparently from A Class Limos, LLC's own bank account and thus assets allegedly owned by that entity. The suit seeks recovery of payments made to JP Morgan Chase, not to the debtor.

The debtor argues that A Class Limos, LLC made payments to JP Morgan Chase in lieu of compensation to the debtor, so the action against JP Morgan Chase is an attempt to

---

[2] In light of the Court's ruling below, if such a request was presented it likely would be denied.

7

recover a transfer of the debtor's assets.  But the plain language of the agreed order permits Respondents' suit.  As the debtor confirms in the present Motion, she knew of the payments to JP Morgan Chase when she agreed to the order.  The payments made by A Class Limos, LLC to JP Morgan Chase are classic "wrong payor" claims often pursued as fraudulent transfers.  If the debtor wanted to prohibit claims against JP Morgan Chase to recover mortgage payments made by A Class Limos, LLC, she should have insisted that the agreed order permit avoidance claims alleging transfers of assets owned by A Class Limos, LLC to "or for the benefit of" parties other than the debtor, or similar language.  If the agreed order made it clear that the permitted avoidance actions could not include attempts to recover transfers made for the benefit of the debtor, she would have a stronger argument here.  But the agreed order contains no such limitation.  By the plain language of the agreed order, the debtor consented to the Respondents' suit against JP Morgan Chase.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the *Expedited Motion to Enforce Automatic Stay Against Keith Grumer, Esq., Individually, Grumer Law, P.A., Katz, Barron, Friedberg, English & Allen, P.A. d/b/a Katz Barron, Horacio Pablo Martinez, and Mercedes Merino, Jointly and Severally* [ECF No. 130] is DENIED.

###

Copy furnished to:
Alan R. Crane, Esq.

*Mr. Crane is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*